FILED
United States Court of Appeals
Tenth Circuit

August 21, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLTON L. WILLIS,

      Plaintiff - Appellant,

v.

DEPARTMENT STORES NATIONAL
BANK; MACY'S; BLOOMINGDALE'S,

      Defendants - Appellees.

No. 15-7007
(E.D. Oklahoma)
(D.C. No. 6:14-CV-00363-FHS)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.

Plaintiff Carlton Willis, proceeding pro se and *in forma pauperis*, sued

Department Stores National Bank (DSNB), Macy's, Inc., and Bloomingdale's, Inc.

(collectively, Defendants), in the United States District Court for the Eastern District of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma.[1]  He alleged a violation of 15 U.S.C. § 1681h and raised claims under

Oklahoma law for breach of contract, defamation, and intentional damage to credit.  The

district court dismissed the complaint for failure to state a claim.  Plaintiff appeals the

denial of his state-law claims for breach of contract and defamation.  We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff was incarcerated at the Mack Alford Correctional Center in Stringtown,

Oklahoma, for crimes including forgery and unauthorized use of a credit card.[2]  While

incarcerated he opened accounts online with Macy's and Bloomingdale's in March 2014.

DSNB sent him an IRS 4506-T form seeking verification of his identity.  He closed the

Macy's account and filed a complaint with the Consumer Financial Protection Bureau

(CFPB) regarding the Bloomingdale's account, which had been restricted pending

identity verification.  Bloomingdale's received the CFPB complaint and sent Plaintiff

another IRS 4506-T form.  In response Plaintiff closed the account.

On April 6, 2014, Plaintiff opened new accounts with Macy's and

Bloomingdale's.  The next day he faxed Macy's a bank statement, birth certificate,

driving-reinstatement letter, and profit-and-loss document.  On April 10, Macy's closed

---

[1] Bloomingdale's, Inc. is a subsidiary of Macy's, Inc.  DSNB provides credit card accounts to Macy's and Bloomingdale's.

[2] Plaintiff attached numerous documents, including prison records and correspondence with Defendants, to his complaint.  "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

both accounts and sent a letter enclosing another IRS 4506-T form. On April 15 he faxed back the form. After receiving the completed form, Macy's sent it to the IRS for verification but did not receive a response. DSNB learned of Plaintiff's incarceration, which confirmed that the information provided in his application was false, and it therefore did not reopen the accounts. Plaintiff filed another complaint with the CFPB, who forwarded it to the Office of the Comptroller of the Currency (OCC). Macy's investigated the complaint and responded by letter, copying the OCC, on August 4.

We review de novo a district court's decision to dismiss a complaint for failure to state a claim. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "We are free to affirm the decision of the district court on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Jenkins v. Hodes (In re Hodes)*, 402 F.3d 1005, 1011 (10th Cir. 2005). Although we liberally construe the pleadings of a pro se plaintiff, we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith*, 561 F.3d at 1096 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's breach-of-contract claim was properly dismissed because the complaint does not identify a contractual promise that was breached or any action by Defendants that constituted a breach. On appeal Plaintiff contends that the April 10 letter, by threatening to permanently close his Macy's account in 30 days if he did not submit the

3

requested documents, promised to keep the account open for 30 days. But that is not a tenable reading of the letter, which contains no promise and states that the account was being "temporarily blocked from further charging privileges." Aplt. App. at 24.

As for Plaintiff's defamation claim, under Oklahoma law "[u]nless a plaintiff demonstrates that a defendant committed libel per se, [he] must also plead and prove special damages caused by publication." *Peterson v. Grisham*, 594 F.3d 723, 728 (10th Cir. 2010). "[L]ibel per se . . . requires a statement that is clearly defamatory on its face." *Id.* (internal quotation marks omitted). On appeal Plaintiff rests his defamation claims on Macy's August 4 letter copied to the OCC. But that letter contains no libel per se and Plaintiff has not pleaded special damages. At most, he claims that Defendants' statements will reflect badly on his credit. But he does not allege that he was ever denied credit or even that he received a lower credit score because of the statements. *See Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1179–80 (10th Cir. 2013).

We AFFIRM the district court's decision.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

4